UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OWEN MARLON ALEXANDER,

                Plaintiff,

     -against-

ANDREEA GLEESON; TUNECORE, INC.;
DR. PHILLIP NICHOLS; ARIEL VARGAS;
MOLLY WASOW PARKS; THE CITY OF NEW
YORK CITY & THE DEPARTMENT OF
HOMELESS SERVICES; LYMARIS ALBORS;
JASMILKA GONZALEZ; ASHELY MARRERO;
HAMMOND JOHN; RENAIYA THOMAS;
CLARA GARCIA; ACACIA NETWORK/
SUPER 8; BRENDA E. ROSEN; THOMAS
WASHINGTON; AARON R. McBRYAR;
ANA FISHER; DAVE BEER; FELICESADE
BRANDT; DAVIDSON HEADLEY; BREAKING
GROUND/ HEGEMAN AVENUE HOUSING
LIMITED PARTNERSHIP; KEISHA ASHMAN;
ROY A. BECOAT; JETTE JOHNSON; LUNA
MALACHOWSKI BAJAK; ALYSSA WRINKLE;
MARINA MULE; KRYSTLE BARKLEY; JOSHUA
FLINK; SAMUEL BARTON; CAMILLE REYES;
CENTER FOR URBAN COMMUNITY SERVICES
(CUCS); PHILLIP SCHREIBER; KELLNER, HERLIHY,
GETTY & FRIEDMAN, LLP; P.O. ANGEL RODRIGUEZ,
CITY OF NEW YORK POLICE DEPARTMENT/
73 PRECINCT; DR. MARTIN BRENNAN; DR.
ROBERT GREEN; LYNN VAIRO; ROBERT
O. STRANDER; NATASHA PAYSON; PROGRAM
DEVELOPMENT SERVICES INC.; CHRISTOPHER
WRAY, Federal Bureau of Investigation; MICHAEL
WEISBERG; CHERY J. GONZALES; DEBRA
KAPLAN; BRIAN M. COGAN; MONIQUE
GUIDRY; KATHY HOCHUL; ARCBISHOP
CHRISTOPHE PIERRE, APOTOLIC NUNCIO
and THE ROMAN CATHOLIC CHURCH,

                Defendants.
------------------------------------------------------------x

                **MEMORANDUM AND ORDER**
                23-CV-05663 (PKC) (RER)

PAMELA K. CHEN, District Judge:

        Plaintiff Owen Marlon Alexander filed this *pro se* Complaint pursuant to 28 U.S.C. § 1331

and 28 U.S.C. § 1332.  The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant

1

to 28 U.S.C. § 1915 solely for the purpose of this Order. For the following reasons, the Complaint is dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is granted thirty (30) days from the date of this Memorandum & Order to file an amended complaint.

## BACKGROUND

Plaintiff's Complaint is voluminous, and the gravamen of Plaintiff's claims is difficult to discern. Plaintiff names 47 defendants, and the Complaint is 130 pages with an additional 358 pages of exhibits. (*See* Compl., Dkt. 1.) Plaintiff alleges that for the past 20 years, he has been "involved in what is called an unethical human experiment designed to emasculate a male individual." (Dkt. 1, at ECF[1] 32.) Specifically, Plaintiff alleges that he was a subject of Project MK-ULTRA, an illegal human experimentation program designed by the Central Intelligence Agency. (*Id*. at ECF 33–34.) In addition, Plaintiff alleges that he was illegally evicted from his apartment in Brooklyn. He accuses the City of New York and the Department of Homeless Services of systemic racism and RICO crimes. (*Id*. at ECF 39.) Plaintiff further alleges that Judge Brian M. Cogan erroneously stated in a decision that Plaintiff was seeking $75 billion in damages when he was merely seeking $6 billion in damages.[2] (*Id*. at ECF 41.) Plaintiff also claims that police officers from the 73rd Precinct and Breaking Ground, a social services organization, were responsible for distributing narcotics into the community. (*Id*. at ECF 42.) Finally, Plaintiff avers that TuneCore failed to distribute his music properly. (*Id*. at ECF 95.) Plaintiff seeks $90 billion in damages or tender in gold, silver, or land. (*Id*. at ECF 31.).

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] *See Alexander v. Breaking Ground/CUCS et al.*, No. 20-CV-05114 (BMC) (RER) (Dkt. 4).

**STANDARD OF REVIEW**

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read the Plaintiff's *pro se* Complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the Complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

**DISCUSSION**

**I.     Rule 8 of the Federal Rules of Civil Procedure**

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims

against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted); *Komatsu v. City of New York*, No. 20-CV-7046 (ER), 2021 WL 3038498, at *5 (S.D.N.Y. July 16, 2021) (noting that "length is only one consideration under Rule 8," and other issues include "redundancy and frequent frolics into seemingly irrelevant materials [which] inhibit the Court and Defendants' ability to understand the nature of many of the issues he has raised."). Dismissal of a complaint for failure to comply with Rule 8 is generally reserved for cases where the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42. This standard is applied with special lenience to *pro se* pleadings. *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

Plaintiff's Complaint, construed liberally, fails to satisfy Rule 8's requirement of a "short and plain statement." Plaintiff's Complaint and exhibits are hundreds of pages in length, and he complains of a myriad of seemingly unrelated wrongs allegedly perpetrated against him by the named Defendants without offering any plausible factual or legal basis for the claims. The Complaint, as drafted, fails to "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

The Court, therefore, dismisses the Complaint without prejudice for Plaintiff to file an amended complaint. *See, e.g.*, *Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (summary order) (affirming dismissal of a 57-page complaint for prolixity); *Azzarmi v. Neubauer*, No. 20-

CV-9155 (KMK), 2022 WL 4357865, at *4 (S.D.N.Y. Sept. 20, 2022) (dismissing *pro se* complaint pursuant to Rule 8 where the complaint was 204 pages in length); *Nygard v. Bacon*, No. 19-CV-1559 (LGS), 2021 WL 3721347, at *7 (S.D.N.Y. Aug. 20, 2021) (dismissing "lengthy" 144-page complaint pursuant to Rule 8(a)).

## LEAVE TO AMEND

In light of Plaintiff's *pro se* status, he is granted thirty (30) days from the date of this Memorandum & Order to file an amended complaint. The Plaintiff is advised that should he file an amended complaint, he must plead sufficient facts to allege a violation of his constitutional or federal rights and comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short and plain statement of his claim. If Plaintiff elects to file an amended complaint, he must name as proper defendants those individuals with some personal involvement in the action he alleges in the amended complaint. *See Iqbal,* 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution.").

Further, Plaintiff is directed to set forth his factual allegations in numbered paragraphs organized chronologically. Each paragraph should be concise, and should state (1) what is alleged to have occurred; (2) where possible, the date and location that the action is alleged to have occurred; (3) which of the Defendants is responsible for the alleged action; and (4) how the alleged action is related to a deprivation of the Plaintiff's rights. An amended complaint does not simply add to the prior complaint; once it is filed, it completely replaces the original complaint filed before it. The amended complaint must be captioned as "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Accordingly, Plaintiff's Complaint, filed *in forma pauperis*, is dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is granted 30 days' leave from the date of this Memorandum & Order to file an amended complaint as detailed above. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment shall enter. All further proceedings shall be stayed for 30 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: August 7, 2023
      Brooklyn, New York