UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
OWEN MARLON ALEXANDER,

               Plaintiff,

     -against-

ANDREEA GLEESON, et al.,

               Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-05663 (PKC) (RER)

PAMELA K. CHEN, District Judge:

By Order dated August 7, 2023, the Court granted *pro se* Plaintiff Owen Marlon Alexander's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismissed the Complaint (Dkt. 1) for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. (Dkt. 4.) Plaintiff was granted leave to file an amended complaint. The Amended Complaint (Am. Compl., Dkt. 6), filed on September 18, 2023, is dismissed for the reasons discussed below.

## BACKGROUND

Plaintiff attempts to explain the gravamen of this action as "a copyright, unethical human experimentation, civil rights lawsuit, which airside [sic] from discrimination based on organized corruption within the judicial branch of government, the entertainment industry, housing industry, the mental and the medical health industry, with deliberate intentions to humiliate, emasculate, and even unalive the plaintiff." (Dkt. 6, at ECF[1] 3.) Plaintiff asserts a panoply of wrongs allegedly committed against him by a broad array of Defendants,[2] such as an illegal eviction from low-

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] Plaintiff names as Defendants, *inter alia*, the Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York; Kathy Hochul, Governor of the State of New York; Christopher Wray, the Director of the Federal Bureau of Investigation; The Roman Catholic Church; the Vatican; the Pope; the City of New York; and various homeless services organizations and employees.

1

income housing (*id.* at ECF 5), the inability to upload his music to musical platforms that use Defendant TuneCore's services (*id.* at ECF 16–17), that Defendant Thomas Washington accused Plaintiff of trying to "overthrow the Roman Catholic Church" (*id.* at ECF 26), that Plaintiff was forced to perform a sex act on a named Defendant (*id.* at ECF 27), that Plaintiff was forced to read the bible by a named Defendant while he was admitted to Coney Island Hospital in 1995 (*id.* at ECF 28), that the Federal Bureau of Investigation failed to investigate Plaintiff's allegations, (*id.* at ECF 30), and that the Roman Catholic Church intercepted the Plaintiff when he entered Coney Island Hospital to receive his medical records in 2017 (*id.* at ECF 32).

For relief, the Plaintiff seeks (a) a public apology, (b) a presidential pardon, (c) background checks on all individuals the Plaintiff intends to do business with, (d) $30 billion in the value of gold, silver, land, or housing, (e) the right to record Plaintiff's music in specific frequencies, and (f) a meeting with the President and Vice President of the United States and the Pope.

## STANDARD OF REVIEW

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted).

## DISCUSSION

### I.     Plaintiff's Allegations are Frivolous

"An action is frivolous if it lacks an arguable basis in law or fact – i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). "Even if a complaint contains sufficient factual allegations to infer a claim for relief, a court may dismiss it as frivolous 'if the sufficiently well-pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic," or "delusional."'" *Tessema v. Env't Prot. Agency*, No. 20-CV-9700 (MKV), 2021 WL 2666855, at *3 (S.D.N.Y. June 29, 2021) (quoting *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011)) (additional citation omitted).

The Plaintiff fails to allege any facts suggesting that he has a plausible legal claim. Plaintiff's factual allegations are largely irrational, incoherent, or wholly incredible. *See Denton*, 504 U.S. at 33. Accordingly, Plaintiff's amended complaint is dismissed as frivolous because it lacks a basis in law or fact. *See, e.g.*, *Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23-CV-2308 (PKC) (LB), 2023 WL 3126192, at *2 (E.D.N.Y. Apr. 27, 2023); *Hakaniemi v. Zuckerberg*, No. 21-CV-4345 (PKC) (LB), 2021 WL 3566221, at *1 (E.D.N.Y. Aug. 12, 2021) (dismissing *pro se* Plaintiff's action as factually frivolous).

## CONCLUSION

Accordingly, Plaintiff's Amended Complaint, filed *in forma pauperis*, is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: October 4, 2023
      Brooklyn, New York